IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

G'ESA KALAFI, f/n/a STANLEY FELTON,

    Plaintiff,

v.

LEBBEUS BROWN, TIM HAINES,
CRAIG TOM, TROY HERMANS and
SHANA BECKER,

    Defendants.

ORDER

Case No. 16-cv-847-slc

*Pro se* plaintiff G'esa Kalafi f/n/a Stanely Felton is proceeding on claims that employees at the Wisconsin Secure Program Facility violated his constitutional rights when they punished him for writing an article about the inadequacies of psychological care at the prison. In particular, he is proceeding on claims that: (1) defendants Lebbeus Brown, Tim Haines, Craig Tom, Troy Hermans and Shana Becker retaliated against him in violation of the First Amendment by issuing or failing to dismiss a conduct report related to the article he wrote; and (2) defendant Tom violated his right to procedural due process by acting as a biased decisionmaker.

Kalafi has filed two motions that are before the court: (1) a motion to compel defendants to produce documents showing why his cell was searched on January 13, 2012, dkt. 28; and (2) a motion for a temporary restraining order and preliminary injunction directing defendants "and the department of corrections as a whole" to (a) stop denying plaintiff's incoming mail that is addressed to him using his spiritual name (G'esa Kalafi or G'esa Kalafi-Felton) and to (b) acknowledge that plaintiff's name is G'esa Semedi Kalafi, as indicated on plaintiff's amended Judgment of Conviction. Dkt. 37.

I am denying both of these motions.  As for the motion to compel, defendants have produced incident and conduct reports related to the cell search, but none of these reports specifically addresses the question of why the cell was searched.  Kalafi insists that there must be other incident reports, but he offers nothing but his own say-so in support.  This court cannot order defendants to produce documents that do not exist.  Accordingly, the motion to compel is denied.  Defendants are reminded, however, that they have a continuing duty under the rules of civil procedure to reasonably supplement their responses and correct any incorrect responses should they later learn that their initial response was incorrect.

Kalafi's motion for injunctive relief related to his mail must also be denied.  Kalafi's allegations—that he is being denied legal and personal mail because the Department of Corrections refuses to accept mail addressed to him using his spiritual name—are not related to the claims of First Amendment retaliation and procedural due process that he is pursuing in this lawsuit.  Indeed, it is unclear if any of the defendants has anything to do with receiving, sorting or delivering Kalafi's mail.  If Kalafi wants injunctive relief on any claims related to his mail, he needs to raise them in a separate lawsuit.  Better yet, Kalafi can take his own steps to solve his mail problems.  He can instruct individuals who are sending him mail to address his mail using either his committed name, "Stanley Lee Felton", or his committed name *followed by* his "AKA" name, which is "a/k/a Gesa Semedi Kalafi."  Br. in Opp., dkt. 40, at 9.  Alternatively, Kalafi can petition the state court for a legal name change under Wis. Stat. § 786.34, which it appears he has not done.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel defendants to provide discovery, dkt. 28, is DENIED; and

2. Plaintiff's motion for a temporary restraining order and preliminary injunction, dkt. 37, is DENIED.

Entered this 29th day of December, 2017.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge